IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAFRON LEMUEL ROBERTS                                                          PLAINTIFF

VS.                                                       CIVIL ACTION NO.  3:14cv826-FKB

RITA JACK, Detective for the                                                  DEFENDANT
Meridian Police Department

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss [30] for Failure to State a Claim, and Defendant's Renewed Motion to Dismiss [36] Pursuant to *Heck v. Humphrey*. Plaintiff has filed a Response [38] to the Renewed Motion to Dismiss [36], and Defendant has filed a Rebuttal [39].  Having considered the filings, the Court finds that the Motions [30, 36] should be granted.  Accordingly, for the reasons set forth in this opinion, this case is hereby dismissed without prejudice.

FACTS AND PROCEDURAL HISTORY

Roberts originally filed this action pursuant to 42 U.S.C. § 1983 on October 24, 2014. [1].  Plaintiff, who is incarcerated, is proceeding *pro se* and *in forma pauperis* ("IFP"). 28 U.S.C. § 1915. After initial consideration, the Court determined that Roberts's complaint presented both § 1983 claims and habeas corpus claims. [23].  Thus, on October 26, 2015, the Court severed Roberts's habeas claims from his § 1983 claims and filed the habeas claims in a separate action, *Roberts v. Mitchell, et al.*, Civil Action No. 3:15cv769-DPJ-FKB.  *Id.*  After further consideration, the Court dismissed Roberts' habeas claims. [8], Civil Action No. 3:15cv769-DPJ-FKB.

When Roberts originally filed this case in October 2014, he alleged that he was a state-court pretrial detainee being held without indictment since September 2013 on charges of kidnapping, rape, possession of stolen property, and disposal of stolen property. [1]. According to an order entered in state court, he was indicted on September 24, 2014, on charges of kidnapping, statutory rape, and sexual battery. [31-1] at 1. In a separate criminal case, Roberts was indicted on charges of disposal of stolen property and possession of stolen property. *Id.* at 1-2.

In his complaint and subsequent filings, he alleges that Defendant Rita Jack, a detective with the Meridian, Mississippi, Police Department, violated his constitutional rights. In its Order [23] severing Roberts's habeas claims from his § 1983 claims, the Court narrowed Plaintiff's claims to those asserting false arrest, lack of *Miranda* warnings and assistance of counsel, and slander. [23] at 6. The Order [23] directed the undersigned to "determine the extent, if any, to which these claims relate to Defendant Jack and whether they should be stayed or dismissed." *Id.* at 7.

On December 15, 2015, the Court held an omnibus hearing[1] in this § 1983 case. At that time, the parties consented to have a United States magistrate judge conduct any and all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

During the hearing, Roberts was given an opportunity to elaborate upon his claims. Roberts testified that on October 1, 2013, Jack arrested him "to be questioned about sexual assault." [36-1] at 6-8. Roberts claimed that Jack falsely arrested him without probable cause

---

[1]*See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

because his car did not match the description of a car given by the victim.  *Id.* at 13.  He also testified that Jack failed to give him *Miranda* warnings, even though he admitted that she read the *Miranda* warnings to him.  *Id.* at 7-8, 14.  Roberts further testified that Jack failed to provide him access to an attorney when he was initially questioned by the police regarding the charges of rape, kidnapping, and possession and disposal of stolen property.  *Id.* at 14-16.[2]  Finally, Roberts claimed that his name was slandered when he was charged with the crimes, and the former district attorney slandered his name during his bond hearing by calling him a "menace to society."  *Id.* at 16-17.  Considering Plaintiff's testimony and the status of his state court charges, the Court stayed the case pending Plaintiff's trial on his charges.

Since the omnibus hearing, a jury has convicted Roberts of one count of kidnapping and one count of statutory rape in the Circuit Court of Lauderdale County, Mississippi. [36-2].  On May 5, 2016, the state court sentenced Roberts to a term of thirty-seven (37) years on the statutory rape charge, to run concurrently with the sentence imposed on the kidnapping charge.[3] [36-3].  The state court also gave Roberts credit for time served. *Id.*  The status of any appeal of the criminal conviction is unknown to the Court.

## DISCUSSION

In Defendant Jack's Renewed Motion to Dismiss, she argues that Petitioner's recent conviction prevents any recovery by him in this § 1983 action.  The Court agrees.

In *Heck v. Humphrey*, the United States Supreme Court stated:

---

[2]According to Plaintiff's testimony, after he was stopped and arrested for sexual assault, he consented to a search of his vehicle, and during the search of his vehicle, officers "found the stolen property." [36-1] at 8-9.

[3]Plaintiff's sentence on the kidnapping charge is not before the Court.  The status of the charges of possession of stolen property and disposal of stolen property is also unknown.

>in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994)(emphasis in original).

In this case, a judgment in Roberts's favor "would necessarily imply the invalidity of his conviction or sentence" on the charges of statutory rape and kidnapping, therefore his claims are not cognizable under § 1983. *Id.* at 487. Roberts's § 1983 claims alleging that he was falsely arrested and directly attacking the probable cause to arrest him on the charges of statutory rape and kidnapping are barred by *Heck*. *See Wells v. Bonner*, 45 F.3d 90, 94-95 (5th Cir. 1995).[4] Likewise, based on *Heck*, his § 1983 claims related to *Miranda* warnings may not be pursued. *Bickman v. Blair*, 228 F.3d 408, 2000 WL 2056096 (5th Cir. July 17, 2000)(unpublished).

Finally, Roberts cannot pursue his claims of slander under § 1983. At the hearing, he alleged that the fact that charges were pending against him slandered his name. Such a claim is *Heck*-barred, as it relates to his prosecution on the charges and could implicitly call into question the validity of his convictions. *See Lavergne v. Kloster*, 583 F. App'x 411 (5th Cir. 2014). Moreover, his claim that an unnamed prosecutor referred to him as a "menace to society" during a bond hearing cannot stand because absolute immunity extends to prosecutors who are

---

[4]The same rationale applies to any claim for false arrest and lack of probable cause related to the charges of possession of stolen property and disposal of stolen property. "The claim for false arrest does not cast its primary focus on the validity of each individual charge; instead, we focus on the validity of the arrest. If there was probable cause for any of the charges made . . . then the *arrest* was supported by probable cause, and the claim for false arrest fails." *Wells*, 45 F.3d at 94 (emphasis in original).

performing prosecutorial acts.  *Imbler v. Pachtman*, 424 U.S. 409 (1976).

## CONCLUSION

For the reasons stated above, the Court finds that Defendant Jack's Motions to Dismiss [30, 36] should be granted based on *Heck v. Humphrey*.  Accordingly, this case is hereby dismissed without prejudice.  A separate judgment will be entered.  Fed. R. Civ. P. 58.

SO ORDERED, this the 3rd day of August, 2016.

                                         /s/ F. Keith Ball                   
                                    UNITED STATES MAGISTRATE JUDGE